IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 19-636-9 |
| | : | |
| JOHVON COVINGTON | : | |

## ORDER

AND NOW, this 24th day of September, 2021, upon consideration of Defendant Johvon Covington's Pretrial Motions, the Government's opposition, and after the parties' presentations at the September 8, 2021, hearing on the Motions, it is ORDERED the Motions (collectively contained in Document 281) are GRANTED in part and DENIED in part as follows:

- The Motion to Sever Trial is DENIED;[1]

---

[1] Johvon Covington moves to sever his trial from that of his codefendants and claims he will be prejudiced by a joint trial. Covington specifically argues disparate levels of culpability will create a risk of conviction based on guilt by association and will make it difficult for the jury to compartmentalize the evidence against each Defendant.

Under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A court may grant severance "to prevent the serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (internal quotation mark and citation omitted). Nevertheless, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United States*, 506 U.S. 534, 537 (1993), and the burden of showing prejudice from the joinder rests with the defendant seeking severance, *see United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). "[A] defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." *Zafiro*, 506 U.S. at 539 (citation omitted). Rather, "the question of prejudice hinges upon whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *Walker*, 657 F.3d at 170 (internal quotation marks and citation omitted). Ultimately, the court must "balance the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." *United States v. Sandini*, 888 F.2d 300, 305-06 (3d Cir. 1989).

Any potential prejudice against Johvon Covington is outweighed by the judicial economy of holding a joint trial. *See Zafiro*, 506 U.S. at 537 ("[Joint trials] promote efficiency and serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." (internal quotation marks and citation omitted)); *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992) ("We

- The Motion to Prohibit Audio and Video Recordings is DENIED;[2]

- The Motion to Dismiss Counts 8 and 12 of the Indictment is GRANTED as to Count 8 and DENIED as to Count 12;[3] and

---

must also balance the public interest in joint trials against the possibility of prejudicial joinder. . . . [J]udicial economy often favor[s] a joint trial when a conspiracy is charged."). Although Johvon Covington is charged with only seven counts in the 68-count Indictment, and much of the evidence presented to the jury at trial may not pertain to him, "neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable defendants to severance." *Eufrasio*, 935 F.2d at 568; *see also United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) ("We long have held that a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." (internal quotation marks and citation omitted)). The Court sees no reason why, with proper instructions, the jury should have difficulty compartmentalizing the evidence against each Defendant. *See Lore*, 430 F.3d at 205–06 (finding that because the claims charged were "relatively straightforward and discrete, not involving overly technical or scientific issues[,] . . . the jury reasonably could have been expected to compartmentalize the evidence as it related to [the defendant]," especially where the court "instructed the jury several times to compartmentalize the evidence by considering the evidence separately as to each defendant and each count"). Covington's motion is therefore denied.

[2] Covington moves to preclude audio and video recordings of conversations he had with a confidential human source ("CHS"). The Court construes this motion as opposition to the Government's Motion to Admit Audio recordings. Gov.'s Mot., ECF No. 188. Having found the Government has satisfied Rule 901 and *Starks*, and for the reasons stated in the Order granting the Government's motion, this motion is denied.

[3] Covington moves to dismiss Counts 8 and 12 of the Indictment, arguing there is insufficient evidence of his involvement in the acts alleged in those counts. Rule 12(b)(3)(13) permits a defendant to challenge the sufficiency of an indictment. When evaluating a claim of insufficiency, the Court must consider (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and (2) whether the indictment enables the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense. *United States v. Hodge*, 211 F.3d 74, 76 (3d Cir. 2000).

Covington argues there is insufficient evidence of his participation in the crimes alleged in Counts 8 and 12. The Government concedes to the dismissal of Count 8. Suppression Hr'g Day 1 Tr. 13:1–9. The balance of the Indictment, including Count 12, is sufficient to put Covington on notice as to the charges against him. It is also premature to dismiss Count 12 at this stage. The Court will therefore grant the motion to dismiss Count 8 but deny the motion with respect to Count 12.

- The Motion to Prohibit Prejudicial Evidence is DENIED.[4]

                                    BY THE COURT:


                                    /s/ Juan R. Sánchez
                                    Juan R. Sánchez, C.J.

---

[4] Covington lastly moves to preclude pole camera evidence and evidence of a prior interaction with law enforcement as being irrelevant under Rule 401 and unfairly prejudicial under Rule 403. Rule 401 defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. E. 401. Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. E. 403.

The pole camera evidence and evidence of the October 25, 2017, interaction with Chester police officers meets these threshold considerations. The evidence is directly relevant to Covington's alleged involvement with the criminal conspiracy, and the probative value outweighs the risk of unfair prejudice, confusion of the issues, or misleading the jury. The motion is therefore denied.